IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| APRIL BELL, CHETEMA LUCAS FRANCIS, BREYLN WARD, ET AL. | * * * | |
| Plaintiffs | * * | |
| V. | * * | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, SECRETARY TOM VILACK; JAMS-ENDISPUTE, INC.; MICHAEL L. LEWIS & ADR ASSOCIATES; EPIQ SYSTEMS f/k/a POORMAN-DOUGLAS CORPORATION | * * * * * * * | NO: 4:15CV00335  SWW |
| Defendants | | |

**ORDER of DISMISSAL**

On June 8, 2015, *pro se* plaintiffs April Bell, Chetema Lucas Francis, and Brelyn Ward filed this action under 42 U.S.C. § 1983, charging that Defendants violated their constitutional rights by denying their claims made pursuant to a consent decree.[1] Before the Court is Separate Defendant Epiq Systems' motion to dismiss [ECF Nos. 3, 4]. The time for responding has expired, and Plaintiffs have failed to respond.[2] After careful consideration, and for reasons that follow, the motion is granted, and this action is dismissed without prejudice.

---

[1] In the complaint, Plaintiffs refer to themselves as "nominal plaintiffs," and an attachment to the complaint lists the names of additional plaintiffs. A non-attorney, *pro se* litigant may not engage in the practice of law on behalf of others. *See* 18 U.S.C. § 1654.

[2] By order entered July 9, 2015, the Court informed Plaintiffs of their obligations to prosecute their claims diligently and to follow the Federal Rules of Civil Procedure and Local Rules of this Court. *See* ECF No. 5.

**I.**

Plaintiffs charge that Defendants deprived them of federal rights by failing to follow a consent decree issued in *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999). *Pigford* was a class action on behalf of thousands of African American farmers who claimed that they had been discriminated against because of their race in connection with the USDA's administration of farm loan programs. The *Pigford* litigation culminated with the entry of a consent decree that set forth a process for resolving individual claims against the USDA. *See Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999).[3]

"By the end of the [*Pigford*] claims resolution process, nearly 23,000 claimants had been found eligible to participate, and the federal government had provided more than $1 billion in total relief to prevailing claimants." *White v. Vilsack*, No. 14-0478 (PLF), 80 F. Supp. 3d 123, 125 (D.D.C. 2015). In 2008, Congress resurrected the claims of more than 60,000 *Pigford* claimants who had failed to submit timely claims under the consent decree. *See In re Black Farmers Discrimination Litigation*, 856 F. Supp. 2d 1, 11 (D.D.C. 2011)(citing Food, Conservation, and Energy Act of 2008, Pub. L. 110–234, § 14012(b), 122 Stat. 923, 1448 (2008)). Pursuant to the Food, Conservation, and Energy Act of 2008, a second class action was instituted in the District of Columbia, *In re Black Farmers Discrimination Litigation*, No. 08-MC-0511 (PLF) (D.D.C.), and the district court approved a settlement agreement that instituted a second claims resolution process. *See In re Black Farmers Discrimination Litigation*, 856 F.

---

[3]Any individual seeking relief under the consent decree was required to submit a claim package to the "Facilitator," namely the Poorman-Douglas Corporation. *See Pigford v. Glickman*, 185 F.R.D. 82, 95-96 (D.D.C. 1999). If the "Facilitator" determined that an individual claimant was a member of the plaintiff class, the claimant then had the ability to proceed under one of two tracks for determining the merits of his or her claim. *See id.*

Supp. 2d 1, 11-12 (D.D.C. 2011).

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, alleging that they submitted claims pursuant to the original *Pigford* consent decree and that Defendants denied their claims in violation of "their federal right to redress deprivation and provide equal protection . . . and recover the damages as specified by the Consent Decree."[4]

## II.

Separate Defendant Epiq Systems, formerly known as Poorman-Douglas Corporation, moves for dismissal on several grounds listed under Rule 12(b) of the Federal Rules of Civil Procedure. Among other things, Epiq Systems seeks dismissal for insufficient process, insufficient service of process,[5] and lack of personal jurisdiction by reason of insufficient service of process. Epiq Systems provides a copy of a summons, without a complaint, which Plaintiffs delivered by certified mail to "Epiq Systems f/k/a/ Poorman-Douglas Corp., Claims Facilitator/ Administrator, P.O. Box 4028, Portland, OR 97208-4028."[6] The names of the *pro se* plaintiffs do not appear on the summons, which states that an answer must be served on "Delois Bryant," who does not appear as a party in this case.

The Court finds that the content of the summons fails to comply with the requirements listed under Rule 4. The summons is not signed and dated by the Clerk of Court; it does not state the names and addresses of the *pro se* plaintiffs, and it does not bear Epiq's correct name or

---

[4] Compl. [ECF No. 1] ¶25.

[5] Motions for dismissal under Federal Rule of Civil Procedure 12(b)(5) concern the proper procedure for serving the summons and complaint and challenge the mode or lack of delivery of the summons and complaint, and motions for dismissal under Rule 12(b)(4) challenge the content of the summons.

[6] ECF No. 4-1.

identify Epiq as a corporation. Although the Court has the authority to permit the amendment of a summons, *see* Fed. R. Civ. P. 4(a)(2), Plaintiffs have not requested such relief.

The Court further finds that Plaintiffs failed to follow the required procedure for service of process. Federal Rule of Civil Procedure 4(h) provides that a corporation must be served either in the manner prescribed for personal service of an individual under Rule 4(e)(1) or by "delivering" a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h). It is well settled that Rule 4(h) requires personal delivery rather than mail delivery. *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000). Furthermore, the requirements for service of an individual under Rule 4(e)(1) requires delivering the summons and complaint to an officer, managing or general agent, or any agent authorized by law to receive service of summons.[7] Without question, Plaintiffs' attempt at service was ineffective.

Pursuant to Fed. R. Civ. P. 4(m), the Court must dismiss an action without prejudice if the named defendants are not served within 120 days after the complaint is filed. Here, Plaintiffs have failed to effect service within 120 days of filing the complaint, they have failed to respond to Epiq's motion to dismiss, and they have failed to request more time to effectuate service of process. Under these circumstances, the Court finds no reason to extend Plaintiffs'

---

[7] Federal Rule of Civil Procedure 4(e) provides that unless waiver of service has been obtained, service of process must be made by personal delivery of the summons and complaint to the party or his or her agent or made according to the law of the state where the district court is located, in this case Arkansas. Arkansas law requires require service on a corporation to be made by delivering the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of summons. *See* Ark. R. Civ. P. 4(d)(5). Arkansas law also requires that service of the summons and complaint must be addressed to a natural person, specified by name.

time to effect service and will dismiss this action without prejudice.[8]

**III.**

For the reasons stated, Defendant's motion to dismiss [ECF No. 3] is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 5TH   DAY OF NOVEMBER, 2015.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[8] Even assuming that Plaintiffs had effected timely and proper service of process, the Court would question whether it has subject matter jurisdiction over Plaintiffs' claims. This Court is without jurisdiction to enforce violations of the *Pigford* consent decree. "The only court that reserved jurisdiction to enforce Consent Decree violations was the District Court for the District of Columbia." *Slaughter v. United States,* 555 Fed. Appx. 927, 929 (11th Cir. 2014).